IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| LIJIN WANG,<br><br>    Petitioner,<br>v.<br><br>MATT MCCLEARY, Muscatine County Jail Administrator; TODD LYONS, in his official capacity as Director of United States Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and PAMELA BONDI, in her official capacity as Attorney General of the United States,<br><br>    Respondents. | No. 3:25-cv-00110-RGE-HCA<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION** |

## I. INTRODUCTION

Petitioner Lijin Wang requests a preliminary injunction against Respondents. Pet'r's Mot. Prelim. Inj., ECF No. 2; *see* Pet'r's Pet. Writ Habeas Corpus, ECF No. 1. Wang is currently in federal custody pursuant to immigration proceedings. ECF No. 1 ¶ 2. Wang moves for a preliminary injunction enjoining Respondents from transferring Wang outside the district and requiring Federal Respondents[1] to hold a bond hearing. ECF No. 2 at 6.[2]

The Court concludes Wang has met his burden to show he is entitled to a preliminary injunction as requested. Applying the *Dataphase* factors, the Court concludes Wang has met his burden to show he is entitled to a preliminary injunction as requested. *See Dataphase Sys., Inc. v.*

---

[1] The Court refers to Respondents Todd Lyons, Kristi Noem, and Pamela Bondi as "Federal Respondents" throughout its Order.
[2] In his reply brief, Wang states he also seeks release from detention. Pet'r's Reply Br. Supp. Mot. Prelim. Inj. 8, ECF No. 12.

*C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

## II.     BACKGROUND

The limited purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the Court's findings of fact and conclusions of law in this order are not binding at trial. *See id.*

Wang is a native of China who entered the United States in June 2023. ECF No. 2 at 6. Upon entry, Wang was apprehended by the United States Borden Patrol and charged with removability from the United States pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. *Id.* He was released on his own recognizance. *Id.* In September 2023, Wang filed an application for asylum with the immigration court. *Id.* at 7.

On June 12, 2025, Wang was arrested on the charge of theft in the first degree and conspiracy to commit a non-forcible felony. *Id.* He was detained in the Scott County Jail in Davenport, Iowa. *Id.* On September 10, 2025, the charges against Wang were dismissed. *Id.*

The next day, Immigrations and Customs Enforcement detained Wang pursuant to an immigration detainer. *Id.* He is in custody in the Muscatine County Jail in Muscatine, Iowa. *Id.*

Wang now moves for an emergency motion for preliminary injunction seeking relief from Respondents. ECF No. 2. He requests the Court find he is being detained under the discretionary detention framework of 8 U.S.C. § 1226 and order Respondents to hold a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 11. Federal Respondents resist, contending Wang's request is premature because he has not sought an immigration bond, this Court lacks jurisdiction, and Wang is being held under the mandatory detention framework of 8 U.S.C. § 1225. Fed. Resp't's Br. Supp. Resist. Pet'r's Mot. Prelim. Inj. 3, ECF No. 7. Respondent Matt McCleary has not appeared or responded to the pending motion.

Counsel for Wang and Federal Respondents appeared for a motion hearing on October 22, 2025. Mot. Prelim. Inj. Hr'g Mins., ECF No. 14.

## III. LEGAL STANDARD

*Dataphase* articulates four factors the Court considers when determining whether to issue a preliminary injunction: 1) "the probability the movant will succeed on the merits"; 2) "the threat of irreparable harm to the movant"; 3) "the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant"; and 4) "the public interest." *Dataphase*, 640 F.2d at 113; see also *Sports Design & Dev., Inc. v. Schoneboom*, 871 F. Supp. 1158, 1162–63 (N.D. Iowa 1995) (citing *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989)). When a plaintiff seeks to restrain governmental action, the public interest and balancing of harm factors largely merge. *See Eggers v. Evnen*, 48 F.4th 561, 564 (8th Cir. 2022). Ultimately, the Court must "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *United Industries Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1989) (citation omitted).

## IV. DISCUSSION

For the reasons stated more fully in the Court's order granting a preliminary injunction in *Hernandez Marcelo v. Trump*, which the parties agreed is procedurally parallel to the instant case for all relevant purposes, the Court concludes each *Dataphase* factor weighs in favor of granting the motion for a preliminary injunction. *See* Order Granting in part Mot. Prelim. Inj., No. 3:25-cv-00094-RGE-WPK (S.D. Iowa Sept. 10, 2025), ECF No. 36.

As to likelihood of success on the merits, the Court finds 1) this matter is ripe for relief as it is clear from the record that, absent judicially ordered relief, Wang faces ongoing detention pursuant to § 1225; 2) it has jurisdiction to hear Wang's claims; and 3) Wang is being held under

8 U.S.C. § 1226(a), which allows for release of noncitizens on bond or under conditional parole pending a removal proceeding, 8 U.S.C. §§ 1226(a)(2)(A) and (B). Therefore, the Court finds Wang is likely to succeed on the merits of his claim against Federal Respondents.

As to threat of irreparable harm, Wang has met his burden of showing irreparable harm as to his continued custody. Wang remains in custody and continues to be denied an opportunity for a bond hearing related to his immigration proceedings. This constitutes irreparable harm.

As to balance of harms and public interest, the Court finds the relative hardships and public interest justify granting Wang's request for injunctive relief.

Accordingly, the Court grants Wang's request. Federal Respondents shall provide Wang with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this order. Further, as unobjected-to by Federal Respondents at the October 22, 2025 hearing, Respondents are enjoined and restrained from removing Wang from the Southern District of Iowa.

## V.   CONCLUSION

**IT IS ORDERED** that Petitioner Lijin Wang's Motion for Preliminary Injunction, ECF No. 2, is **GRANTED**. Federal Respondents shall provide Wang with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this written Order. Respondents are enjoined and restrained from removing Wang from the Southern District of Iowa.

**IT IS FURTHER ORDERED** that to the extent Petitioner Lijin Wang seeks immediate release from detention, ECF No. 12 at 8, the request is **DENIED**.

**IT IS SO ORDERED**.

Dated this 22nd day of October, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE